# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORD ABBETT INVESTMENT TRUST – LORD ABBETT SHORT DURATION INCOME FUND., et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Honorable Michael A. Shipp, U.S.D.J. <br><br> Civil Action No. 17-6365 (MAS)(LHG) <br><br> **Electronically Filed** <br><br> **Oral Argument Requested** <br><br> **Return date: April 2, 2018** |
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, <br><br> Plaintiff, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 17-7625 (MAS)(LHG) |
| THE BOEING COMPANY EMPLOYEE RETIREMENT PLANS MASTER TRUST and THE BOEING COMPANY EMPLOYEE SAVINGS PLANS MASTER TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 17-7636 (MAS)(LHG) |

**BRIEF IN SUPPORT OF DEFENDANT HOWARD B. SCHILLER'S
OMNIBUS PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**

**OF COUNSEL**
Robert Y. Sperling
Joseph L. Motto
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Elizabeth P. Papez
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000

WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700
James S. Richter
Melissa Steedle Bogad

*Counsel for Defendant Howard B. Schiller*

## **TABLE OF CONTENTS**

**Page**

I.  Introduction ............................................................................................................... 1

II.  Plaintiffs Do Not Sufficiently Allege Their RICO Claims (Counts I-III) .......................... 3

III.  The *Lord Abbett* and *Boeing* Section 18 Claims (Count V) Should Be Dismissed for Several Reasons ................................................................................................... 7

IV.  The *Lord Abbett* and *Boeing* Claims for Common Law Fraud and Negligent Misrepresentation Are Preempted and Inadequately Pled ................................................... 8

V.  Conclusion ............................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*300 Broadway v. Martin Friedman Assocs., P.C.*,
   No. CIV.A. 08–5514 (KSH), 2009 WL 3297558 (D.N.J. Oct. 13, 2009) ..................................3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................................6

*Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*,
   394 F.3d 126 (3d Cir. 2004).....................................................................................................2

*CareOne, LLC v. Burris*,
   No. CIV. 10-2309-FLW, 2011 WL 2623503 (D.N.J. June 28, 2011) ......................................4

*Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*,
   784 F. Supp. 2d 508 (D.N.J. 2011) ..........................................................................................4

*Galicki v. New Jersey*,
   No. CIV.A. 14-169 JLL, 2015 WL 3970297 (D.N.J. June 29, 2015)......................................4

*In re Advanta Corp. Sec. Litig.*,
   180 F.3d 525 (3d Cir. 1999), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).....................................................................1

*In re Refco Inc. Sec. Litig.*,
   826 F. Supp. 2d 478 (S.D.N.Y. 2011)......................................................................................6

*In re Stone & Webster, Inc., Sec. Litig.*,
   253 F. Supp. 2d 102 (D. Mass. 2003) ......................................................................................7

*In re Suprema Specialties, Inc. Sec. Litig.*,
   438 F.3d 256 (3d Cir. 2006).....................................................................................................7

*Institutional Inv'rs Grp.* v. *Avaya, Inc.*,
   564 F.3d 242 (3d Cir. 2009)..................................................................................................1, 5

*Janus Capital Grp, Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011)..............................................................................................................3, 8

*Kaufman v. i-Stat Corp.*,
   165 N.J. 94 (2000) ....................................................................................................................9

*Matrixx Initiatives, Inc. v. Siracusano*,
   563 U.S. 27 (2011)....................................................................................................................5

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
   540 F.3d 1049 (9th Cir. 2008) ..................................................................................................2

*Miller v. P.G. Lewis & Assoc.*,
  No. CIV.A. 05-5641 FLW, 2007 WL 316446, at *7 (D.N.J. Jan. 30, 2007) ............................ 6

*Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n*,
  14 F. Supp. 3d 591 (D.N.J. 2014) .................................................................................. 6

*Prudential Ins. Co. of America v. Bank of America, Nat'l Ass'n*,
  Nos. 13–1586 (SRC), 14–4242(SRC), 2015 WL 502039 (D.N.J. Feb. 5, 2015) ...................... 9

*Smith v. Jones, Gregg, Creehan & Gerace, LLP*,
  No. 2:08-CV-365, 2008 WL 5129916 (W.D. Pa. Dec. 5, 2008) ............................................ 6

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
  33 F. Supp. 3d 401 (S.D.N.Y. 2014) .............................................................................. 7

*State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*,
  387 N.J. Super. 469 (App. Div. 2006) ............................................................................ 6

*State v. Ball*,
  141 N.J. 142 (1995) .............................................................................................. 4, 5

*Stichting Pensioenfonds ABP v. Merck & Co., Inc.*,
  No. CIV.A. 05-5060, 2012 WL 3235783 (D.N.J. Aug. 1, 2012) ............................................ 9

*Tarr v. Ciasulli*,
  181 N.J. 70 (2004) ................................................................................................. 4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ............................................................................................... 2

*Winer Family Trust v. Queen*,
  503 F.3d 319 (3d Cir. 2007) ..................................................................................... 1

**STATUTES**

15 U.S.C. § 78bb(f) ................................................................................................. 7, 8

15 U.S.C. § 78r(a) .................................................................................................... 8

15 U.S.C. § 78r(c) .................................................................................................... 7

15 U.S.C. § 78u-4(b) ................................................................................................ 1

N.J.S.A. 2C:5-2 ....................................................................................................... 5

N.J.S.A. 2C:41-1(c) ............................................................................................... 4, 6

N.J.S.A. 2C:41-1(d)(1) ............................................................................................. 4

N.J.S.A. 2C:41-2(d) ............................................................................................................4, 5, 6

**OTHER AUTHORITIES**

17 C.F.R. § 240.10b-5....................................................................................................................3

17 C.F.R. § 240.13a-13(d) .............................................................................................................7

Defendant Howard B. Schiller respectfully submits this Brief in Support of his Omnibus Partial Motion to Dismiss Plaintiffs' Complaints in the three above-referenced actions.[1]

I.      Introduction

Plaintiffs accuse Schiller of perpetrating a years-long fraud on Valeant shareholders and creditors in violation of Section 10(b) of the Exchange Act and Rule 10b-5, *see Lord Abbett* Compl. ¶¶ 431-37; *Mississippi* Compl. ¶¶ 416-422; *Boeing* Compl. ¶¶ 416-422, through the type of allegations that are consistently found inadequate to satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b). Plaintiffs cite Schiller's former senior-level position with Valeant, *see, e.g.*, *Lord Abbett* Compl. ¶¶ 49-50, and his motive to increase the value of the company's stock based on compensation incentives commonly shared by business executives, *id.* ¶¶ 350-353, 359, though neither is sufficient to draw an inference of fraudulent intent. *See Institutional Inv'rs Grp.* v. *Avaya, Inc.*, 564 F.3d 242, 279 (3d Cir. 2009); *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 539 (3d Cir. 1999), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). In addition, Plaintiffs lump Schiller together with other personnel, named and unnamed, at Valeant and Philidor. *See, e.g.*, *Lord Abbett* Compl. ¶¶ 10, 94, 313. But to state a claim under the PSLRA, Plaintiffs must allege Schiller's scienter individually. *See Winer Family Trust v. Queen*, 503 F.3d 319, 337 (3d Cir.

---

[1] The three complaints that are the subject of this omnibus brief are: (1) *Lord Abbett Investment Trust v. Valeant Pharms. Int'l, Inc.*, Civ. Action No. 17 CV 6365, Dkt. Entry No. 1 (cited as the "*Lord Abbett* Compl."); (2) *The Boeing Co. Emp. Ret. Plans Master Trust v. Valeant Pharms. Int'l, Inc.*, Civ. Action No. 17 CV 7636, Dkt. Entry No. 1 (cited as the "*Boeing* Compl."); and (3) *Public Emps. Ret. Sys. of Miss. v. Valeant Pharms. Int'l, Inc.*, Civ. Action No. 17 CV 7625, Dkt. Entry No. 1 (cited as the "*Mississippi* Compl."). Schiller is partially moving to dismiss each action by way of an omnibus brief pursuant to the Stipulation and Order entered on October 18, 2017. *See* Civ. Action No. 17 CV 7636, Dkt. Entry No. 17. Because the Plaintiffs' substantive allegations are largely identical in each complaint, except where specific reference is made to one of the individual actions, for simplicity's sake, citations to Plaintiffs' allegations are made only with reference to the *Lord Abbett* complaint.

2007).  Plaintiffs also make use of impermissible fraud by hindsight, *see Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 158 (3d Cir. 2004), based on Valeant's recognition in 2016 that its earlier price increases had been too aggressive.  *See, e.g.*, *Lord Abbett* Compl. ¶¶ 365-67. Nowhere in their lengthy complaints do Plaintiffs cite with specificity any information in Schiller's possession that contradicted any public statements he made at the time he made them.  *See Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1068 (9th Cir. 2008)

Plaintiffs cite Valeant's statement in March 2016 that Schiller engaged in unspecified "improper conduct" that contributed to Valeant's premature recognition of revenue on an immaterial amount of sales to Philidor.  *See Lord Abbett* Compl. ¶ 51.  That disclosure is far more plausibly construed to indicate an accounting-related mistake, as opposed to fraud.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007) (inference of alleged scienter must be "strong in light of other explanations").  In any event, that issue concerned mostly timing-related alleged errors that were confined to certain sales in late 2014—hardly sufficient to plead that Schiller systematically misled the public as to Valeant's pricing practices and relationship with specialty pharmacies between 2013 and 2016, as Plaintiffs claim.

Plaintiffs' fraud claims against Schiller largely mimic, in abbreviated form, those made in the putative class case, *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, No. 15-7658 (MAS) (LHG), in which this Court denied Schiller's motion to dismiss the plaintiffs' Section 10(b)/Rule 10b-5 claims and accompanying Section 20(a) control person claims. Therefore, in order to avoid duplicative briefing, and with respect for the preservation of judicial resources, Schiller does not move to dismiss Plaintiffs' Section 10(b)/Rule 10b-5 or Section 20(a) claims in these cases.

However, each of the Plaintiffs here attempt to embellish the claims advanced in the putative class case further so as to assert purported violations of the New Jersey RICO statute. They characterize Schiller, Valeant, various Valeant and Philidor personnel, board members,

and/or owners, Valeant's outside auditor PwC, and a half dozen other entities as composite of an "illegal enterprise." *Lord Abbett* Compl. ¶¶ 41-77. The *Lord Abbett* and *Boeing* Plaintiffs also attempt to make out negligent misrepresentation claims under Section 18 of the Exchange Act and state common law claims for fraudulent inducement and negligent misrepresentation. *Lord Abbett* Compl. ¶¶ 438-49, 457-75; *Boeing* Compl. ¶¶ 423-32, 440-58. All of these claims are inadequately pled.

Schiller hereby joins Valeant Pharmaceuticals International, Inc. and Robert Rosiello's Partial Motion to Dismiss Plaintiffs' Complaints and accompanying Omnibus Memorandum of Law (referenced herein as "Valeant's brief"). Based on the arguments and authority cited therein, as well as the additional points specific to Schiller set forth below, Schiller respectfully requests that the Court dismiss with prejudice all of the Plaintiffs' RICO claims (Counts I-III of the *Lord Abbett*, *Mississippi*, and *Boeing* Complaints), and the *Lord Abbett* and *Boeing* Plaintiffs' Section 18 claims, common law fraud, and negligent misrepresentation claims (Counts V, VII, and VIII of the *Lord Abbett* and *Boeing* Complaints).

**II.     Plaintiffs Do Not Sufficiently Allege Their RICO Claims (Counts I-III)**

As described in Valeant's brief, Plaintiffs fail to sufficiently plead a threshold element of their RICO claims—the supposed RICO "enterprise." *First*, Plaintiffs fail to sufficiently describe an "enterprise" that is distinct from the Defendants' alleged pattern of racketeering activity. *300 Broadway v. Martin Friedman Assocs., P.C.*, No. CIV.A. 08–5514 (KSH), 2009 WL 3297558, at *6 (D.N.J. Oct. 13, 2009). Rather, Plaintiffs equate the supposed "enterprise" with the alleged racketeering activity itself—i.e., Defendants' alleged inflation of the price of Valeant securities through misrepresentations concerning Valeant's drug pricing and relationship with specialty pharmacies. *Lord Abbett* Compl. ¶¶ 41, 77, 408.

*Second*, Plaintiffs do not make any factual assertions describing the alleged enterprise members' "knowledge of the objectives of their association, how the participants associated with

each other, whether the participants each performed discrete roles in carrying out the scheme, the level of planning involved, how decisions were made, [or] the coordination involved in implementing decisions," *State v. Ball*, 141 N.J. 142, 162–63 (1995), and thus they have not pled the required "ascertainable structure" of the supposed "enterprise." *Galicki v. New Jersey*, No. CIV.A. 14-169 JLL, 2015 WL 3970297, at *7 (D.N.J. June 29, 2015).  These flaws are fatal to Plaintiffs' claim for racketeering in violation of the New Jersey RICO statute, N.J.S.A. 2C:41-1(c) (Count I), as well as their claim for conspiracy to violate the New Jersey RICO statute, N.J.S.A. 2C:41-2(d) (Count II), which likewise requires sufficient pleading of an "enterprise."  *Ball*, 141 N.J. at 176.  Plaintiffs' claim for aiding and abetting a violation of the New Jersey RICO statute (Count III), likewise must be dismissed on these grounds, because that claim requires sufficient pleading of an underlying RICO violation.  *See Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004).

Plaintiffs' racketeering claim (Count I) is further deficient as to Schiller because Plaintiffs do not sufficiently plead that he committed "at least two incidents of racketeering conduct."  *See* N.J. Stat. Ann. § 2C:41-1(d) (1).  The cited acts of supposed racketeering are the alleged misrepresentations concerning risks associated with Valeant's price increases and purported improper use of specialty pharmacies upon which Plaintiffs base their securities fraud claims.  *See Lord Abbett* Compl. ¶¶ 151-52.  Those alleged predicate acts of securities fraud must be pled with particularity in satisfaction of Rule 9(b).  *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 526 (D.N.J. 2011).  However, Plaintiffs do not plead facts describing with particularity how statements cited in the Complaints that are attributable to Schiller were fraudulent; indeed, most of the statements he made did not even address the matters Valeant allegedly misrepresented.  *See CareOne, LLC v. Burris*, No. CIV. 10-2309-FLW, 2011 WL 2623503, at *11 (D.N.J. June 28, 2011) (dismissing RICO claims based on alleged predicates acts of fraud where complaint failed to explain specifically how cited statements were misleading). Plaintiffs point to general statements or certifications about Valeant's business practices or results

-4-

of operations that Schiller reported or signed as CFO, *e.g.*, *Lord Abbett* Compl. ¶¶ 162, 166, 178, 182, or opinions he gave concerning perceived industry trends. *Id.*¶ 197. Plaintiffs claim these statements were misleading because they did not reveal supposed unsustainable pricing or alleged improper activities by Philidor. *Id.* ¶¶ 181, 199. But Schiller had no duty to make revelations completely unrelated to the subject matter he was addressing, in order to avoid a charge of securities fraud. *See Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 44 (2011). Even if the cited statements were somehow misleading as to Valeant's use of price increases or specialty pharmacies—which they were not—Plaintiffs have not pled particularized facts suggesting Schiller knew the statements he made to be untrue, or was reckless as to their truth, so as to describe his "intent to deceive, manipulate, or defraud." *Avaya*, 564 F.3d at 252 (citation omitted). Consequently, Plaintiffs have not sufficiently pled Schiller's commission of predicate acts of securities fraud.

Plaintiffs' RICO conspiracy claim (Count II) is also deficiently pled as to Schiller because Plaintiffs do not sufficiently allege his knowing agreement to further the supposed unlawful objectives of the alleged "enterprise." *Ball*, 141 N.J. at 180-81. Even assuming that Plaintiffs have sufficiently alleged Schiller's commission of predicate acts—which, as just described, they have not—Plaintiffs fail to plausibly allege those supposed acts were born out of an agreement by Schiller to further what he understood to be a criminal enterprise. As to this issue, Plaintiffs make only conclusory allegations, such as that "beginning no later than January 2013 and continuing until the illegal scheme was revealed, [Defendants] have been engaged in a mutually understood, agreed-upon and coordinated campaign of racketeering activity . . . ," *Lord Abbett* Compl. ¶ 77; and that "[b]eginning as early as January 2013, the Defendants and all members of the Enterprise agreed to facilitate the scheme described herein to manage, operate, conduct, and participate in the conduct of the affairs of the Enterprise and conspired to do the same within the meaning of N.J. STAT. ANN. 2C:5-2 through a pattern of racketeering activity within the meaning of N.J. STAT.

ANN. 2C:41-2(d)." *Id.* ¶ 423.  These conclusory, group-pled allegations are not sufficient to plead Schiller's personal agreement to promote the criminal activity of the supposed illegal enterprise through the commission of racketeering activity.  *See In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478, 539 (S.D.N.Y. 2011) (dismissing New Jersey RICO conspiracy claim because "bald assertion" of an agreement failed to establish that the "Defendants had knowingly entered into a conspiracy"); *Smith v. Jones, Gregg, Creehan & Gerace, LLP*, No. 2:08-CV-365, 2008 WL 5129916, at *7 (W.D. Pa. Dec. 5, 2008) (dismissing RICO claim where plaintiff "has not pled specific facts as to any Defendant's agreement to conspire"); *Miller v. P.G. Lewis & Assoc.*, No. CIV.A. 05-5641 FLW, 2007 WL 316446, at *7 (D.N.J. Jan. 30, 2007) (New Jersey RICO conspiracy claim could not withstand Rule 12(b)(6) where plaintiff "provide[d] absolutely no evidence to show that [defendants] entered into any agreement").

In the same way, Plaintiffs do not sufficiently allege Schiller's "aware[ness] of his role as part of an overall illegal or tortious activity," as required to sufficiently state a RICO aiding and abetting claim (Count III).  *State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*, 387 N.J. Super. 469, 484 (App. Div. 2006) (quoting *Tarr*, 181 N.J. at 84).  Plaintiffs' allegations in this regard are, again, conclusory recitations of legal verbiage.  *See Lord Abbett* Compl. ¶¶ 428-29 ("Defendants aided and abetted the Enterprise in executing its fraudulent scheme and racketeering acts in violation of N.J. STAT. ANN. 2C:41-2(c) and (d) alleged herein. . . . . Defendants willingly, and substantially participated in the Enterprise's fraudulent scheme with knowledge of the numerous violations of the New Jersey RICO Act and the underlying pattern of racketeering activity perpetrated by the Enterprise.").  Those allegations are not entitled to a presumption of truth at this stage and are not sufficient to survive dismissal.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Prudential Ins. Co. of Am. v. Bank of Am., Nat'l Ass'n,* 14 F. Supp. 3d 591, 616 (D.N.J. 2014).

For these reasons and those argued on Valeant's brief, Plaintiffs' RICO claims (Counts I-

III) should be dismissed.

### III. The *Lord Abbett* and *Boeing* Section 18 Claims (Count V) Should Be Dismissed for Several Reasons

The *Lord Abbett* and *Boeing* Plaintiffs fail to state claims for violations of Section 18 of the Exchange Act, as asserted in Count V of their respective Complaints, because they fail to sufficiently plead that they purchased securities in "actual reliance" on the specific statements alleged to be misleading. *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 283 (3d Cir. 2006). As described in Valeant's brief, the Complaints, to the extent they even attempt to assert reliance, provide only broad and often conclusory allegations, *Lord Abbett* Compl. ¶¶ 33, 444; *Boeing* Compl. ¶¶ 428-29, which fail "to show the requisite causal nexus between their purchase of securities and specific statements contained in [Valeant's] SEC filings." *Suprema*, 438 F.3d at 284.

Plaintiffs' Section 18 claims should also be dismissed because they were filed on August 23, 2017 (*Lord Abbett*) and September 28, 2017 (*Boeing*)—well outside Section 18's one-year statute of limitations, 15 U.S.C. § 78r(c), given that Plaintiffs' own allegations show the underlying facts at issue were disclosed, at the very latest, by June 7, 2016 (the date of the last alleged corrective disclosure by Valeant). *See Lord Abbett* Compl. ¶ 306. Additionally, *Lord Abbett*'s claims based on Valeant filings made prior to August 23, 2014 and *Boeing*'s claims based on filings made before September 28, 2014, and all purchases made before those dates, are barred by Section 18's three-year statute of repose. 15 U.S.C. § 78r(c).

In addition, Plaintiffs assert their Section 18 claim in part based on alleged misstatements in Valeant's quarterly reports on Form 10-Q. *See Lord Abbett* Compl. ¶¶ 442-44. Such statements are immune from Section 18 liability pursuant to the safe harbor exempting "financial information" furnished in Form 10-Qs. *See* 17 C.F.R. § 240.13a-13(d); *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 442 (S.D.N.Y. 2014); *In re Stone &*

*Webster, Inc., Sec. Litig.*, 253 F. Supp. 2d 102, 135 (D. Mass. 2003).

Lastly, Plaintiffs appear to assert their Section 18 claims as to Schiller specifically in relation to Valeant's quarterly reports on Form 10-Q for the second and third quarters of 2015. *See Lord Abbett* Compl. ¶ 442; *Boeing* Compl. ¶ 427. Plaintiffs' Section 18 claims should be dismissed to the extent they make that allegation. Schiller did not execute Valeant's 10-Q for the second or third quarters of 2015, and indeed those filings were made only after he stepped down as Valeant's CFO in June 2015. Plaintiffs make no allegation that he caused the filing to be made or contributed to their content in any way. *Lord Abbett* Compl. ¶ 36 (noting Schiller resigned as CFO on June 30, 2015); *Boeing* Compl. ¶ 22 (same); *Lord Abbett* Compl. ¶ 239 (making allegations as to the quarterly reports on Form 10-Q for second and third quarters of 2015, which were filed in July and October 2015, respectively, but not alleging Schiller executed or otherwise made, caused to be made, or exercised any authority over those filings or the statements they contained); *Boeing* Compl. ¶¶ 178, 219 (same). *See* 15 U.S.C. § 78r(a) (limiting Section 18 liability to persons who "make or cause to be made" actionable statements); *Janus Capital Grp, Inc. v. First Derivative Traders*, 564 U.S. 135, 142 (2011) ("maker" of a statement is one "with ultimate authority over the statement, including its content and whether and how to communicate it").

### IV. The *Lord Abbett* and *Boeing* Claims for Common Law Fraud and Negligent Misrepresentation Are Preempted and Inadequately Pled

As set forth in Valeant's brief, the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f)(1)(A), preempts the Lord Abbett and Boeing Plaintiffs' claims for common law fraud and negligent misrepresentation because Plaintiffs' actions constitute "covered class actions," 15 U.S.C. § 78bb(f)(5)(B), and allege "a misrepresentation" or use of a "deceptive device . . . in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)(A),(B). The Lord Abbett and Boeing Plaintiffs' negligent misrepresentation claims should also be dismissed

for the additional reason that New Jersey does not recognize such a cause of action within the context of securities investments like those alleged here. *Prudential Ins. Co. of America v. Bank of America, Nat'l Ass'n*, Nos. 13–1586 (SRC), 14–4242(SRC), 2015 WL 502039, at *6 (D.N.J. Feb. 5, 2015). Finally, even if cognizable under New Jersey law and not preempted, Plaintiffs have not properly pled their common law fraud or negligent misrepresentation claims because these claims do not adequately plead reliance for the same reasons Plaintiffs fail to plead reliance with respect to their Section 18 claims. *See, e.g.*, *Stichting Pensioenfonds ABP v. Merck & Co., Inc.*, No. CIV.A. 05-5060, 2012 WL 3235783, at *17 n.11 (D.N.J. Aug. 1, 2012) (citing *Kaufman v. i-Stat Corp.*, 165 N.J. 94, 109 (2000) ("Because the fraud-on-the-market theory of reliance is not available under New Jersey law, a plaintiff asserting a fraud or misrepresentation claim must allege that [it] in fact received and considered public statements made by a defendant and was deceived by those statements and/or omissions."); Section III, *supra*.

## V. Conclusion

For the foregoing reasons, Schiller respectfully requests that the Court dismiss with prejudice Counts I-III of the *Lord Abbett*, *Mississippi*, and *Boeing* Complaints for alleged violations of the New Jersey RICO statute and Counts V, VII, and VIII of the *Lord Abbett* and *Boeing* Complaints for alleged violations of Section 18 of the Exchange Act, common law fraud, and negligent misrepresentation.

WINSTON & STRAWN LLP
*Counsel for Defendant Howard B. Schiller*


By: s/ Melissa Steedle Bogad
James S. Richter
jrichter@winston.com
Melissa Steedle Bogad
mbogad@winston.com

Dated: December 6, 2017

-10-

**OF COUNSEL:**
Robert Y. Sperling
Joseph L. Motto
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

Elizabeth P. Papez
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000