**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LORD ABBETT INVESTMENT TRUST – LORD ABBETT SHORT DURATION INCOME FUND., et al., | Civil Action No. 17-6365 (MAS)(LHG) |
| Plaintiffs, | (Oral Argument Requested) |
| v. | Motion Day: April 2, 2018 |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants. | |
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, | |
| Plaintiff, | Civil Action No. 17-7625 (MAS)(LHG) |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants. | |
| THE BOEING COMPANY EMPLOYEE RETIREMENT PLANS MASTER TRUST and THE BOEING COMPANY EMPLOYEE SAVINGS PLANS MASTER TRUST, | |
| Plaintiffs, | Civil Action No. 17-7636 (MAS)(LHG) |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants. | |

**OMNIBUS MEMORANDUM IN SUPPORT OF DEFENDANT TANYA CARRO'S PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**

Richard Hernandez
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 848-8615
Facsimile: (973) 297-6615

William J. Schwartz
Laura Grossfield Birger
Lauren Gerber Lee
COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
*Pro Hac Vice Admission Pending*

*Attorneys for Defendant Tanya Carro*

**Table of Contents**

**Page**

PRELIMINARY STATEMENT ................................................................. 1

THE COMPLAINTS' ALLEGATIONS REGARDING TANYA CARRO ................................ 1

ARGUMENT .................................................................................. 3

I.  PLAINTIFFS' RICO CLAIMS AGAINST TANYA CARRO SHOULD BE
    DISMISSED ........................................................................... 4

    A.  Plaintiffs Have Not Alleged That Carro Was Engaged In A Pattern Of
        Racketeering Activity .......................................................... 4

        1.  Plaintiffs Have Not Alleged That Carro Personally Committed
            Two Predicate Acts Of Racketeering Conduct ........................... 4

        2.  Allegations Against The Defendants Collectively Are
            Insufficiently Particular To Sustain A NJ RICO Claim Against
            Carro .................................................................. 5

    B.  Plaintiffs Have Not Alleged That Carro Agreed That Others Would
        Commit Two Predicate Acts In Furtherance Of The Alleged RICO
        Conspiracy ..................................................................... 7

II.  THE LORD ABBETT AND BOEING PLAINTIFFS' STATE LAW CLAIMS
     SHOULD BE DISMISSED .............................................................. 10

III.  THE LORD ABBETT PLAINTIFFS FAIL TO PLEAD RELIANCE WITH
      RESPECT TO CARRO ................................................................ 12

CONCLUSION ............................................................................... 13

## Table of Authorities

**Page(s)**

**Cases**

*Amorosa v. Ernst & Young LLP*,
   682 F. Supp. 2d 351 (S.D.N.Y. 2010) ...................................................................13

*Amos v. Frankling Financial Services Corp.*,
   509 Fed. App'x 165 (3d Cir. 2013) ......................................................................5

*Banks v. Wolk*,
   918 F.2d 418 (3d Cir. 1990) ..............................................................................5

*Capital Health System, Inc. v. Veznedaroglu*,
   2017 WL 751855 (D.N.J. Feb. 27, 2017) ............................................................5

*CareOne, LLC v. Burris*,
   2011 WL 2623503 (D.N.J. June 28, 2011) .........................................................8

*Cevdet Aksüt Ve Oğullari Koll. Sti v. Cavusoglu*,
   2016 WL 1407745 (D.N.J. Apr. 11, 2016) .........................................................7

*Congregacion de la Mision Provincia de Venezuela v. Curi*,
   978 F. Supp. 435 (E.D.N.Y. 1997) ...................................................................12

*Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*,
   784 F. Supp. 2d 508 (D.N.J. 2011) ....................................................................5

*In re Donald J. Trump*,
   793 F.Supp 543 (D.N.J.1992), *aff'd*, 7 F.3d 357 (3d Cir.1993) ...........................14

*Flood v. Makowski*,
   2004 WL 1908221 (M.D. Pa. Aug. 24, 2004) ....................................................8

*Ford Motor Co. v. Edgewood Properties, Inc.*,
   2009 WL 150951 (D.N.J. Jan. 20, 2009) ...........................................................5

*Frederico v. Home Depot*,
   507 F.3d 188 (3d Cir. 2007) ..............................................................................8

*Galicki v. New Jersey*,
   2016 WL 4950995 (D.N.J. Sept. 15, 2016) ........................................................6

*Gannon v. Cont'l Ins. Co.*,
   920 F. Supp. 566 (D.N.J. 1996) .......................................................................13

**Table of Authorities**
(continued)

**Page(s)**

*Giercyk v. Nat'l Union Fire Ins. Co. of Pittsburgh*,
  2015 WL 7871165 (D.N.J. Dec. 4, 2015) ....................................................9

*Grant v. Turner*,
  2010 WL 4004719 (D.N.J. Oct. 12, 2010) ...................................................5

*Grant v. Turner*,
  505 Fed. App'x 107 (3d Cir. 2012) ............................................................11

*H.J. Inc. v. Northwestern Bell Tel. Co.*,
  492 U.S. 229 (1989) ......................................................................................5

*Hollis-Arrington v. PHH Mortg. Corp.*,
  205 F. App'x 48 (3d Cir. 2006) ...............................................................5, 6

*Kaufman v. i-Stat Corp.*,
  165 N.J. 94 (2000) ..................................................................................13, 14

*Klein v. Autek Corp.*,
  2004 WL 3635650 (D.N.J. June 30, 2004), *aff'd*, 147 F. App'x 270 (3d Cir.
  2005) ..............................................................................................................9

*The Knit With v. Knitting Fever, Inc.*,
  625 Fed. App'x 27 (3d Cir. 2015) .............................................................11

*Korean Cmty. Church of New Jersey Methodist v. Cho*,
  2012 WL 1224682 (D.N.J. Apr. 11, 2012) .................................................7

*LaSala v. Bordier et Cie.*,
  519 F.3d 121 (3d Cir. 2008) .......................................................................12

*Lundy v. Hochberg*,
  79 F. App'x 503 (3d Cir. 2003) ..................................................................6

*Magnum v. Archdiocese of Philadelphia*,
  2006 WL 3359642 (E.D. Pa. Nov. 17, 2006), *aff'd*, 253 F. App'x 224 (3d Cir.
  2007) ..............................................................................................................7

*Marina Dist. Dev. Co., LLC v. Ivey*,
  216 F. Supp. 3d 426 (D.N.J. 2016) ...........................................................10

*Mayo, Lynch & Assocs., Inc. v. Pollack*,
  351 N.J. Super. 486 (App. Div. 2002) ......................................................10

**Table of Authorities**
(continued)

**Page(s)**

*Mayor & Council of Borough of Rockaway v. Klockner & Klockner*,
    811 F.Supp. 1039 (D.N.J. 1993) ...................................................................9

*Miller v. P.G. Lewis & Assoc.*,
    2007 WL 316446 (D.N.J. Jan. 30, 2007) ...................................................11

*Mineo v. McEachern*,
    2014 WL 2197032 (D.N.J. May 27, 2014) ...................................................6

*Naporano Iron & Metal Co. v. American Crane Corp.*,
    79 F.Supp.2d 494 (D.N.J.2000) ...................................................................9

*Poling v. K. Hovnanian Enterprises*,
    99 F. Supp. 2d 502 (D.N.J. 2000) ...............................................................9

*Prudential Ins. Co. of Am. v. Goldman, Sachs & Co.*,
    2013 WL 1431680 (D.N.J. Apr. 9, 2013) ..................................................10

*In re Refco Inc. Sec. Litig.*,
    826 F. Supp. 2d 478 (S.D.N.Y. 2011)..................................................10, 11

*State v. Ball*,
    141 N.J. 142 (1995) ...................................................................................10

*State v. Ball*,
    268 N.J. Super. 72 (App. Div. 1993), *aff'd*, 141 N.J. 142 (1995)..............5

*Stichting Pensioenfonds ABP v. Merck & Co.*,
    2012 WL 3235783 (D.N.J. Aug. 1, 2012) .................................................13

*United States v. Phillips*,
    874 F.2d 123 (3d Cir. 1989).......................................................................10

*Virginia Sur. Co. v. Macedo*,
    2009 WL 3230909 (D.N.J. Sept. 30, 2009) .................................................8

*Weiss v. First Unum Life Ins.*,
    2003 WL 25713970 (D.N.J. Aug. 27, 2003) ...............................................8

*Wiley v. Hughes Capital Corp.*,
    746 F. Supp. 1264 (D.N.J. 1990) ..............................................................13

*Zavala v. Wal Mart Stores Inc.*,
    691 F.3d 527 (3d Cir. 2012).........................................................................6

-iv-

**Table of Authorities**
(continued)

Page(s)

**Statutes**

15 U.S.C. § 7j(b)........................................................................................................2

15 U.S.C. § 78bb(f).................................................................................................12

N.J.S.A. 2C:41-1.......................................................................................................4

N.J.S.A. 2C:41-2.........................................................................................1, 2, 4, 10

## PRELIMINARY STATEMENT

In their lengthy Complaints,[1] Plaintiffs make sweeping allegations about purported misconduct at Valeant Pharmaceuticals International, Inc. (the "Company" or "Valeant"), but mention Tanya Carro, the former Corporate Controller at Valeant, only a handful of times. The allegations in the Complaints are similar to those asserted in *In re Valeant Pharmaceuticals Securities Litigation*, No. 15-cv-07658 (MAS)(LHG) (the "Class Action"), the securities class action pending before this Court. Despite the paucity of facts alleged about Carro, Plaintiffs boldly inflate their garden-variety securities fraud claim into several claims brought under the New Jersey Racketeer Influenced and Corrupt Organizations Act ("RICO" or "NJ RICO") and various state law claims. Plaintiffs' overreaching is evidenced by the fact that the Complaints identify scores of allegedly false or misleading statements made by various individuals to investors, yet allege that Carro did so *only once,* citing two statements made during an October 26, 2015 conference call (the "October 26 Statements"). These limited allegations are insufficient to support RICO claims.

Carro joins in the arguments made on behalf of the Company in its Memorandum in Support of Valeant's Motion to Dismiss (the "Company's Memorandum") for all the counts alleged against her.[2] This Memorandum principally addresses several additional, independent reasons why Plaintiffs fail to state RICO claims against Carro.

---

[1] The three Complaints addressed in this Memorandum are: (1) *Lord Abbett Investment Trust v. Valeant Pharms. Int'l, Inc.*, No. 17 Civ. 6365 ("*Lord Abbett*"); (2) *The Boeing Co. Emp. Ret. Plans Master Trust v. Valeant Pharms. Int'l, Inc.*, No. 17 Civ. 7636 ("*Boeing*"); and (3) *Public Emps. Ret. Sys. of Miss. v. Valeant Pharms. Int'l, Inc.*, No. 17 Civ. 7625 ("*Mississippi*"). Citations to Plaintiffs' allegations generally refer only to the *Lord Abbett* Complaint and are cited as "Compl." Unless otherwise noted, the Complaints in the two other actions contain the same allegations. References to "Complaints" refer to all three collectively unless otherwise indicated.

[2] The following claims are alleged against Carro in all three Complaints: substantive racketeering in violation of N.J.S.A. 2C:41-2(c) (Count I); participation in a racketeering conspiracy in

1.

As set forth below, Carro's limited involvement in the purported securities fraud cannot be stretched into a RICO claim. Plaintiffs fail to allege that Carro committed at least two predicate racketeering acts, a fundamental requirement for a RICO violation. At most, Plaintiffs allege a single predicate act—securities fraud—based on the October 26 Statements. As for the RICO conspiracy count, Plaintiffs have not alleged—other than in a bare recitation of the statutory requirements—that Carro agreed that others in the Enterprise[3] would commit two predicate acts. Accordingly, despite Plaintiffs' ambitious attempt to include Carro in the RICO claims, none of those claims is sufficiently pleaded.

### THE COMPLAINTS' ALLEGATIONS REGARDING TANYA CARRO

Until the spring of 2016, Tanya Carro was Valeant's Corporate Controller. Compl. ¶ 38. In summarily describing Carro's participation in the alleged Enterprise, the Complaints allege that Carro "had operational and managerial control over Valeant," and participated in the Enterprise by "authorizing the implementation of Philidor's illegal and unsustainable practices in the AF program," "orchestrating massive price increases" of Valeant products, and "overseeing the preparation of Valeant's false and misleading statements." Compl. ¶ 53. Specific allegations supporting these conclusory assertions are nowhere to be found; instead, Plaintiffs resort to vague characterizations of Carro's conduct or to descriptions of routine business activities, and often collectively describe the actions of several individuals without differentiation.

---

violation of N.J.S.A. 2C:41-2(d) (Count II); aiding and abetting racketeering in violation of N.J.S.A. 2C:41-2(c-d) (Count III); and securities fraud in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 7j(b) (Count IV). The *Lord Abbett* and *Boeing* Complaints also allege claims against Carro for common law fraud / fraudulent inducement (Count VII) and negligent misrepresentation (Count VIII).
[3] Unless otherwise defined herein, capitalized terms have the meanings assigned to them in the *Lord Abbett* Complaint.

For example, Plaintiffs allege that Carro, along with four others, had an unspecified "financial" motive for participating in the Enterprise.  Compl. ¶ 61.  Similarly, Plaintiffs allege that multiple defendants, including Carro, engaged in routine activities, such as "drafting, preparation, and/or approval of the various SEC filings, releases, and other public statements," Compl. ¶ 322, and attending a July 2015 meeting with numerous individuals at which the group "decided to raise the price of Cuprimine by 400%."  Compl. ¶ 318.

Aside from these allegations about Carro's participation in various business activities, Plaintiffs allege that Carro made two false statements during an October 26, 2015 conference call with investors and analysts.  Compl. ¶ 277.  During that call, Carro was asked to address why Valeant had not specifically disclosed Philidor in its prior financial statements.  Plaintiffs allege:

- "Carro claimed that, as of year-end 2014, '***Philidor is not considered to be material to Valeant's business for reporting purposes***' because the 'GAAP requirement for disclosing sales to large customers is 10% of revenue' and in December 2014 Philidor's year-to-date net sales were $111 million; and

- Carro claimed that for the first two quarters of 2015 '***Philidor was not specifically mentioned in our disclosures because it had not been material to the consolidated financial statements,*** ' because '*[i]t represented 1% or less of total assets and 7% or less of consolidated net revenues since the fourth quarter 2014*.'"

Compl. ¶ 277.  Plaintiffs allege that the highlighted portions of the excerpts above "were materially false and misleading when made."  Compl. ¶ 280.  As evidence of their falsity, Plaintiffs allege that "Valeant created and controlled Philidor solely for Valeant's benefit," and that "Valeant was forced to restate its finances in March 2015 [sic] and admit it had been double-booking revenue on sales through Philidor."  Compl. ¶ 280.  The Complaints do not identify how Carro's October 26 Statements, which described the Company's historical view about whether to

separately disclose its relationship with Philidor in its financial statements, are false or misleading.

Plaintiffs also refer several times to the Company's March 21, 2016 8-K (the "March 21 8-K") in which the Company announced a restatement of Valeant's financials. *See* Compl. ¶¶ 36, 38, 216, 337. The Complaints do not allege that Carro made any false statements in connection with the restatement. Plaintiffs do, however, refer repeatedly to the Company's statement in the March 21 8-K that the unspecified "improper conduct" of Schiller and Carro "resulted in the provision of incorrect information to the [Board's Audit and Risk] Committee and the Company's auditors" that "contributed to the misstatement of [financial] results." *See* Compl. ¶¶ 12, 36, 38, 337. The Complaints also refer to the Company's statement in the March 21 8-K that Carro was placed on "administrative leave," and allege that, after the restatement, Carro was replaced as Corporate Controller. *See* Compl. ¶¶ 38, 347.

## ARGUMENT

**I.    PLAINTIFFS' RICO CLAIMS AGAINST TANYA CARRO SHOULD BE DISMISSED**

### A.    Plaintiffs Have Not Alleged That Carro Was Engaged In A Pattern Of Racketeering Activity

In Count I of the Complaints, Plaintiffs allege a violation of New Jersey's RICO statute, N.J.S.A. 2C:41-2(c), which states that it is "unlawful for any person employed by . . . any enterprise . . . to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity." To show a "pattern of racketeering," plaintiffs must allege that the defendant engaged in "at least two incidents of racketeering conduct." N.J.S.A. 2C:41-1(d)(1). Racketeering conduct in turn is defined as "any of the following crimes" in a list provided in N.J.S.A. 2C:41-1(a), which includes fraud and securities fraud. In addition, "[w]hen fraud is the predicate act," as Plaintiffs have alleged here, "a plaintiff must

4.

satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b)." *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 526 (D.N.J. 2011).  Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." "Specificity is imperative" in RICO claims based on fraud, "both because . . . fraud allegations implicate the heightened pleading standard of Rule 9(b) and because the RICO statute itself requires specificity, particularly in light of the heavy penalties imposed upon an unsuccessful RICO defendant." *Capital Health System, Inc. v. Veznedaroglu*, 2017 WL 751855, at *12 (D.N.J. Feb. 27, 2017) (quoting *Grant v. Turner*, 2010 WL 4004719, at *4 (D.N.J. Oct. 12, 2010)). [4]

### 1.   Plaintiffs Have Not Alleged That Carro Personally Committed Two Predicate Acts Of Racketeering Conduct

Plaintiffs fail to plead Carro's participation in a racketeering enterprise, because they have not alleged that Carro committed at least two predicate racketeering acts.  "To plead a pattern of racketeering activity, [a plaintiff] must aver . . . that *each defendant* committed at least two acts of prohibited racketeering activity . . . ." *Hollis-Arrington v. PHH Mortg. Corp.*, 205 F. App'x 48, 54 (3d Cir. 2006) (emphasis added) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989)) .  *See also Amos v. Franklin Financial Services Corp.*, 509 Fed. App'x 165, 168 (3d Cir. 2013) ("[N]o defendant can be liable under RICO unless he participated in two or more predicate offenses sufficient to constitute a pattern." (quoting *Banks v. Wolk*, 918 F.2d 418, 421 (3d Cir. 1990))); *Southward v. Elizabeth Bd. of Educ.*, 2017 WL 4392038, at *13 (D.N.J. Oct. 2, 2017) ("To satisfy the NJRICO pleading standard, plaintiffs must provide *each* defendant with *individual* notice—by *specific* factual allegations—of his or her purported

---

[4] The NJ RICO statute "essentially borrows its structure, purpose and remedies from Federal RICO," so New Jersey courts "seek guidance from those federal decisions."  *State v. Ball*, 268 N.J. Super. 72, 98 (App. Div. 1993), *aff'd*, 141 N.J. 142 (1995) (quotations omitted).  *See also Ford Motor Co. v. Edgewood Properties, Inc.*, 2009 WL 150951, at *10 (D.N.J. Jan. 20, 2009).

participation in the racketeering enterprise." (emphasis in original)); *Mineo v. McEachern*, 2014 WL 2197032, at *3 (D.N.J. May 27, 2014) ("To establish a pattern of racketeering, a plaintiff must show that each defendant committed at least two predicate acts of racketeering . . . .").

Tellingly, with respect to Carro specifically, Plaintiffs have alleged just a single instance of purported securities fraud: they claim that Carro made two false statements during an October 26, 2015 conference call. This is patently insufficient to establish a pattern of racketeering conduct. *See Lundy v. Hochberg*, 79 F. App'x 503, 505 (3d Cir. 2003) (holding that "the single instance of bank fraud [is] insufficient to constitute a pattern of racketeering activity"); *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 543 (3d Cir. 2012) (holding that a "single predicate act is not a pattern of predicate acts and therefore cannot support a RICO claim"); *Hollis-Arrington v. PHH Mortg. Corp.*, 205 F. App'x at 54 (dismissing complaint where plaintiff failed to sufficiently allege predicate acts that established a pattern of racketeering activity); *Galicki v. New Jersey*, 2016 WL 4950995, at *26 (D.N.J. Sept. 15, 2016) (dismissing NJ RICO claim in Fort Lee lane closures case because, even though plaintiffs "allege multiple unlawful acts . . . it defies commonsense to view the lane closures . . . as anything other than an isolated, one-off event").

Aside from the purported securities fraud, none of the other allegations in the Complaints describes allegedly criminal conduct by Carro that could constitute a predicate racketeering act. For example, Plaintiffs repeatedly accuse Carro of "improper conduct" related to information she and others provided to the Audit Committee. *See* Compl. ¶¶ 38, 337, 347. But engaging in unspecified "improper conduct" is not a crime. Similarly, Carro is alleged to have participated in meetings during which Valeant executives decided to implement "massive price increases." *See* Compl. ¶¶ 53, 86, 318. Implementing price increases is also not a crime. Plaintiffs also allege

that Carro was "coordinating closely" with Pearson and participating in drafting Valeant's financial statements.  Compl. ¶¶ 48, 53, 322.  These imprecise allegations describe ordinary aspects of Carro's job as Valeant's Controller and, even if true, do not identify conduct that could constitute a second predicate act under the RICO statute.  *See Cevdet Aksüt Ve Oğullari Koll. Sti v. Cavusoglu*, 2016 WL 1407745, at *2 (D.N.J. Apr. 11, 2016) (dismissing NJ RICO claim because "conclusory assertions of . . . alleged participation in Cavusoglu's business . . . [are] insufficient" to establish two predicate acts); *Southward v. Elizabeth Bd. of Educ.*, 2017 WL 4392038, at *14 (dismissing NJ RICO claim because "impermissibly nonspecific" allegations of "ordinary political campaign fundraising" "fall short of a plausible, factual presentation of the elements of predicate RICO *criminal* offenses of extortion or bribery" (emphasis in original)).

Without allegations establishing that Carro committed two predicate acts, Plaintiffs cannot maintain a RICO claim against her.  *See Magnum v. Archdiocese of Philadelphia*, 2006 WL 3359642, at *11 (E.D. Pa. Nov. 17, 2006) (dismissing federal RICO claim because "Plaintiffs fail to sufficiently allege that *each* Defendant engaged in two or more predicate acts as is necessary to establish a RICO 'pattern'" (emphasis in original)), *aff'd*, 253 F. App'x 224 (3d Cir. 2007); *Korean Cmty. Church of New Jersey Methodist v. Cho*, 2012 WL 1224682, at *3 (D.N.J. Apr. 11, 2012) (dismissing federal RICO claim where alleged "violations do not constitute predicate offenses").

### 2.   Allegations Against The Defendants Collectively Are Insufficiently Particular To Sustain A NJ RICO Claim Against Carro

Recognizing that they have not (and cannot) allege two predicate acts committed by Carro personally, Plaintiffs may rely on general allegations about the Enterprise, the Defendants collectively, or unspecified "Valeant supervisors" or "top executive team" members.  *See, e.g.*,

Compl. ¶¶ 99, 106, 117, 150.  But these allegations, even if they describe predicate acts, are not sufficiently particular to sustain a claim against Carro under Federal Rule of Civil Procedure 9(b).

As several courts have held in dismissing RICO claims, "vague allegations of fraudulent acts by multiple defendants" fail to "inform[] each defendant as to the specific fraudulent acts he or she is alleged to have committed [and thus] do not satisfy [the pleading requirements of] Rule 9(b)." *Virginia Sur. Co., Inc. v. Macedo*, 2009 WL 3230909, at *8 (D.N.J. Sept. 30, 2009) (dismissing federal RICO claim for failure to specifically plead allegations of fraud). Allegations which lump Carro together with multiple Defendants and allege, for example, that they collectively "participated in the drafting, preparation, *and/or* approval of the *various* SEC filings, releases, and other public statements," Compl. ¶ 322 (emphasis added), patently fail to meet the particularity requirements of Rule 9(b).  *See CareOne, LLC v. Burris*, 2011 WL 2623503, at *10 (D.N.J. June 28, 2011) (explaining Rule 9(b) requires that "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged'" (quoting *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007))); *Flood v. Makowski*, 2004 WL 1908221, at *13 (M.D. Pa. Aug. 24, 2004) (holding that using "the term 'and/or'" in a pleading "causes an ambiguity which does not satisfy Rule 9(b)").

Complaints with indefinite allegations describing groups of defendants are often dismissed for lack of particularity.  For example, in *Weiss v. First Unum Life Ins.*, 2003 WL 25713970 (D.N.J. Aug. 27, 2003), the court dismissed a federal RICO claim because the plaintiff "failed to plead the circumstances of the alleged scheme to defraud with particularity," and made general allegations against the defendants as a group "without differentiation."  *Id.* at *7.  The

court explained that the "plaintiff merely refers to defendants, the corporation and individual defendants alike, as a single entity in describing their design and perpetuation of the fraud" and thus "fail[ed] to allege which specific fraudulent acts the particular defendants are alleged to have engaged in." *Id.*

Similarly, in *Poling v. K. Hovnanian Enterprises*, 99 F. Supp. 2d 502 (D.N.J. 2000), the court dismissed the plaintiffs' federal RICO claim because their "allegations that generally allege fraud as against multiple defendants, without informing each defendant as to the specific fraudulent acts he or she is alleged to have committed" did not meet Rule 9(b) pleading standards. *Id.* at 508 (citing *Mayor and Council of Borough of Rockaway v. Klockner & Klockner*, 811 F.Supp. 1039, 1060 (D.N.J. 1993)). Many other complaints alleging fraud more generally have also been dismissed in New Jersey district courts where the pleadings contained "collectivized allegations against 'defendants'" and thus failed to satisfy Rule 9(b). *See Klein v. Autek Corp.*, 2004 WL 3635650, at *4 (D.N.J. June 30, 2004) (dismissing complaint that employed "group pleading" in attempting to establish a fraud claim (citing *Naporano Iron & Metal Co. v. American Crane Corp.*, 79 F.Supp.2d 494, 511 (D.N.J.2000)), *aff'd*, 147 F. App'x 270 (3d Cir. 2005); *Giercyk v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2015 WL 7871165, at *3 (D.N.J. Dec. 4, 2015) (dismissing complaint where plaintiff failed to "plead fraud with particularity with respect to each defendant"); *Mayor and Council of Borough of Rockaway v. Klockner & Klockner*, 811 F. Supp. at 1060 (dismissing fraudulent concealment complaint as not satisfying Rule 9(b) and rejecting plaintiff's attempt to "simply 'lump' all the defendants together and allege generally that they all committed fraudulent concealment").

In short, Plaintiffs have not specifically alleged that Carro committed two predicate acts in furtherance of the Enterprise.  The NJ RICO claim against Carro should therefore be dismissed.

**B.     Plaintiffs Have Not Alleged That Carro Agreed That Others Would Commit Two Predicate Acts In Furtherance Of The Alleged RICO Conspiracy**

In Count Two of the Complaints, Plaintiffs allege that Carro conspired to violate New Jersey's RICO statute.  *See* N.J.S.A. 2C:41-2(d).  To establish a defendant's participation in a RICO conspiracy, a plaintiff must allege, *inter alia*, that "a defendant agreed to participate directly or indirectly in the conduct of the affairs of the enterprise by agreeing to commit, or to aid other members of the conspiracy to commit, at least two racketeering acts . . . ."  *State v. Ball*, 141 N.J. 142, 180 (1995).  If "an agreement to the commission of at least two predicate acts . . . is lacking, the defendant has not embraced the objective of the conspiracy."  *Prudential Ins. Co. of Am. v. Goldman, Sachs & Co.*, 2013 WL 1431680, at *12–13 (D.N.J. Apr. 9, 2013).  *See also Mayo, Lynch & Assocs., Inc. v. Pollack*, 351 N.J. Super. 486, 503 (App. Div. 2002) (one of two elements of RICO conspiracy is "an agreement to the commission of at least two predicate acts"); *Marina Dist. Dev. Co., LLC v. Ivey*, 216 F. Supp. 3d 426, 436 (D.N.J. 2016) ("Each defendant must agree to commission of two or more racketeering acts" for a RICO conspiracy claim to be sustained (citing *United States v. Phillips*, 874 F.2d 123, 127 n.4 (3d Cir. 1989))).  RICO conspiracy claims must be pleaded according to the standards set forth in Rule 8 of the Federal Rules of Civil Procedure.  *See In re Refco Inc. Sec. Litig.*, 826 F. Supp. 2d 478, 539–40 (S.D.N.Y. 2011) (analyzing the NJ RICO statute).

Plaintiffs fail to articulate a legally sufficient conspiracy claim against Carro.  Tellingly absent are any factual allegations supporting the notion that Carro knowingly agreed to

participate in the affairs of a racketeering enterprise.  Nor are any facts pleaded regarding Carro's

agreement to the commission of at least two predicate offenses.

Instead, Plaintiffs recite the bare elements of a conspiracy claim.  *See* Compl. ¶ 425

(claiming "each Defendant personally committed or agreed to commit two or more fraudulent

and illegal racketeering acts").  But "[b]ald assertions" of an agreement among multiple

defendants, like the conspiracy allegations in these Complaints, are "plainly insufficient."  *In re*

*Refco Inc. Sec. Litig.*, 826 F. Supp. 2d at 540.  In *In re Refco*, the court found that the

complaint—despite running over 400 paragraphs long—did not contain sufficiently specific

factual allegations regarding the defendants' agreement to violate the NJ RICO statute through

the commission of two predicate acts.  Judge Rakoff reasoned that "[i]f all that is required is a

broad assertion that 'the defendants agreed,' then any kind of particularity requirement, even the

lesser requirement of Rule 8, is essentially thrown out the window."  *Id.*

Similarly, in *The Knit With v. Knitting Fever, Inc.*, 625 Fed. App'x 27 (3d Cir. 2015), the

Third Circuit upheld the district court's dismissal of federal RICO conspiracy claims as to all

defendants, holding that the "sixty-page complaint fails to include any specific allegation that [a

defendant] intended to facilitate a conspiracy or operate a RICO enterprise."  *Id.* at 37.  Instead,

the plaintiff had relied on a "conclusory allegation . . . that is simply a legal conclusion which is

entitled to no deference."  *Id.*  And in *Grant v. Turner*, 505 Fed. App'x 107, 112 (3d Cir. 2012),

the Third Circuit upheld the lower court's dismissal of RICO conspiracy claims because the

complaint "grouped" one defendant with others and therefore did not adequately allege that the

defendant agreed to commit the predicate acts of fraud.  *See also Miller v. P.G. Lewis & Assoc.*,

2007 WL 316446, at *7 (D.N.J. Jan. 30, 2007) (rejecting plaintiffs' request to file an amended

complaint with a NJ RICO conspiracy claim because it did not specifically demonstrate that two

individual defendants "entered into any agreement with the existing defendants to assist them in their RICO violations," or that they "agreed to the commission of two predicate acts"); *Congregacion de la Mision Provincia de Venezuela v. Curi*, 978 F. Supp. 435, 451 (E.D.N.Y. 1997) (dismissing a federal RICO conspiracy claim where the complaint had not "specif[ied] what predicate acts these defendants might have agreed to commit" or "allege[d] facts that establish these defendants understood that their actions were part of a pattern of racketeering activity").

As in the cases cited above, Plaintiffs rely on conclusory allegations about a group of defendants and do not allege any facts demonstrating that Carro agreed that others would commit two predicate acts.  Accordingly, the RICO conspiracy claim should be dismissed.[5]

## II.    THE *LORD ABBETT* AND *BOEING* PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED

The *Lord Abbett* and *Boeing* Plaintiffs allege two additional causes of action against Carro: common law fraud / fraudulent inducement (Count VII) and negligent misrepresentation (Count VIII).  For the reasons stated in the Company's Memorandum, both claims fail, as they are preempted by the Securities Litigation Uniform Standards Act ("SLUSA") and, even if not preempted, fail to state a claim because the Plaintiffs have not sufficiently pled reliance.

As the Company's Memorandum explains in more detail, a claim based on state law is preempted by SLUSA where (1) the complaint constitutes a "covered class action," as defined in 15 U.S.C. § 78bb(f)(5)(B), and (2) it alleges "a misrepresentation or deceptive device in connection with a securities trade."  *LaSala v. Bordier et Cie.*, 519 F.3d 121, 128 (3d Cir. 2008). The *Lord Abbett* and *Boeing* Complaints constitute "covered class actions": the allegations therein involve common questions of law and fact with the Class Action and other related cases,

---

[5] Plaintiffs' failure to sufficiently plead the substantive RICO claim or the conspiracy claim also dooms their aiding and abetting claim.  *See* Company's Memorandum, Section I(C).

and Plaintiffs, and the Court, have deemed these Complaints "related" to the Class Action.  *See*

*Stichting Pensioenfonds ABP v. Merck & Co., Inc.*, 2012 WL 3235783, *16 (D.N.J. Aug. 1,

2012) (citing *Amorosa v. Ernst & Young LLP*, 682 F. Supp. 2d 351, 375 (S.D.N.Y. 2010)); *Lord*

*Abbett* Dkt. No. 33 (Order to Show Cause); Company's Memorandum, Section III(A).  As for

the second requirement, the Complaints plainly allege a misrepresentation in connection with a

securities trade.  *See* Company's Memorandum, Section III(A).  Even if the claims are not

preempted by SLUSA, the Plaintiffs have failed to plead actual reliance on specific statements

for each transaction at issue, a required element for both common law fraud and negligent

misrepresentation claims.  *See* Company's Memorandum, Section III(B).

## III.   THE *LORD ABBETT* PLAINTIFFS FAIL TO PLEAD RELIANCE WITH RESPECT TO CARRO

Boilerplate New Jersey and federal law requires plaintiffs asserting securities fraud under

Rule 10b-5, common law fraud, and negligent misrepresentation to demonstrate "reasonable

reliance" on the alleged false representation.  *See Wiley v. Hughes Capital Corp.*, 746 F. Supp.

1264, 1283 (D.N.J. 1990); *Kaufman v. i-Stat Corp.*, 165 N.J. 94, 109 (2000) ("The element of

reliance is the same for fraud and negligent misrepresentation.").  The *Lord Abbett* Plaintiffs

allegedly purchased an unspecified number of Valeant debt securities "between March 1, 2013

and October 5, 2015."  *Lord Abbett* Compl.¶ 33.  The only false statements that Carro is alleged

to have made to investors occurred on October 26, 2015—three weeks after the *Lord Abbett*

Plaintiffs last purchased a Valeant security.  This is fatal to the *Lord Abbett* fraud claims: the

*Lord Abbett* Plaintiffs plainly did not rely on Carro's October 26 Statements when they

purchased or sold Valeant debt securities.

"It is well established that a plaintiff cannot rely on statements made subsequent to his

purchase in order to state a securities fraud claim and that no liability attaches to statements

made after the transaction in question."  *Gannon v. Cont'l Ins. Co.*, 920 F. Supp. 566, 578

(D.N.J. 1996) (citing *In re Donald J. Trump Casino Sec. Litig.*, 793 F. Supp 543 (D.N.J.1992), *aff'd*, 7 F.3d 357 (3d Cir.1993)).  The same principle applies to common law fraud and negligent misrepresentation claims.  *See Kaufman v. i-Stat Corp.*, 165 N.J. at 108 (holding that, for a plaintiff to establish reliance in a common law fraud claim, he must have "actually received and considered the misstatement or omission . . . before he or she completed the transaction").  The *Lord Abbett* claims against Carro for securities fraud (Count IV), common law fraud (Count VII), and negligent misrepresentation (Count VIII) should therefore be dismissed.

## CONCLUSION

For the foregoing reasons and for the reasons described in the Company's Memorandum, the NJ RICO claims in all three Complaints (Counts I-III), the common law claims in the *Lord Abbett* and *Boeing* Complaints (Counts VII-VIII), and the securities fraud claim in the *Lord Abbett* Complaint (Count IV) against Tanya Carro should be dismissed.

Dated:  December 6, 2017

By:  *s/ Richard Hernandez*
      Richard Hernandez

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07102
Telephone: (973) 848-8615
Facsimile:  (973) 297-6615

William J. Schwartz
Laura Grossfield Birger
Lauren Gerber Lee
COOLEY LLP
1114 Avenue of the Americas
New York, New York  10036
Phone:  (212) 479-6000
Facsimile: (212) 479-6275
*Pro Hac Vice Admission Pending*

*Attorneys for Defendant Tanya Carro*